VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV 89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiff Linda Cox*

UNITED STATES DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| LINDA COX,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCOUNT CORP OF SOUTHERN NEVADA, a Nevada Corporation; PARKER & EDWARDS, INC., a Nevada Corporation; and THE LANGSDALE LAW FIRM, P.C., a Nevada professional corporation,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT 15§ 1692, ET. SEQ. AND RELATED STATE LAWS**<br><br>**AND JURY DEMAND** |

Plaintiff, Linda Cox ("Plaintiff" or "Cox"), by and through her attorney of record, Vernon Nelson, Esq. of the Law Office of Vernon Nelson, and for her claims for relief against defendants, RICHLAND HOLDINGS, INC. d/b/a "ACCOUNT CORP OF SOUTHERN NEVADA, a Nevada Corporation, (hereinafter "ACCOUNT CORP" or Defendant"), PARKER & EDWARDS, INC. a Nevada Corporation, ("P&E") and THE LANGSDALE LAW FIRM, P.C., a Nevada professional corporation (hereinafter "LANGSDALE" OR "Defendant") (collectively the "Defendants") complains and alleges as follows:

**JURISDICTION AND VENUE**

　　1.　　This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA") and related State Law Claims.

　　2.　　This court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

3. Pursuant to 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada; and the acts of the Parties occurred in the District of Nevada.

**PARTIES**

4. Plaintiff is an adult individual who resides in the State of Nevada and Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

5. ACCOUNT CORP is a domestic corporation doing business in the State of Nevada and ACCOUNT CORP is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

6. P&E is a law firm licensed to practice/do business in the State of Nevada and is a debt collector as that term is defined by 15 U.S.C. § 1692a (6).

7. LANGSDALE is a law firm licensed to practice/do business in the State of Nevada and is a debt collector as that term in defined by 15 U.S.C. § 1692a (6).

**FACTUAL ALLEGATIONS**

8. Plaintiff repeats the allegations set forth in paragraphs 1-7 as if fully set forth herein.

9. On or about June 24, 2016 ACCOUNT CORP retained P&E to file suit against Cox. In its Complaint (the "Complaint") ACCOUNT CORP alleged that Cox entered into a contract with Advanced Laparoscopic and General Surgery for the procurement of services.

10. ACCOUNT CORP further alleged that Cox became delinquent on December 18, 2015 with an account balance of $816.82. ACCOUNT CORP further alleged that a "contractual collection fee" of $408.41 was added for a total of $1225.23 (the "Debt") Upon information and belief, the "contractual collection fee" was unlawfully added to the Debt by ACCOUNT CORP (hereinafter the "Collection Fee Violations").

11. Upon information and belief ACCOUNT CORP did not provide Cox with a validation of debt letter in compliance with section 1692G of the FDCPA. Upon information and belief, ACCOUNT CORP continued with its efforts to collect the Debt despite the fact that it failed to comply with section 1692G of the FDCPA.

12. Upon information and belief, P&E did not provide Cox with a validation of debt notice in compliance with section 1692G of the FDCPA. Upon information and belief P&E continued with

1  its efforts to collect the Debt despite the fact that it failed to comply with section 1692G of the
2  FDCPA.

3  13. On or about August 23, 2016, LANGSDALE filed a substitution of attorney and
4  replaced P&E as counsel for ACCOUNT CORP. Upon information and belief, LANGSDALE failed
5  to provide Cox with a validation of debt letter in compliance with section 1692G of the FDCPA. Upon
6  information and belief LANGSDALE continued with its efforts to collect the Debt despite the fact that
7  it failed to comply with section 1692G of the FDCPA. Upon information and belief, LANGSDALE
8  did not serve Cox with copy of the substitution of attorney in violation of the FDCPA (Account
9  Corp's, P&E's, and Langsdale's violations of Section1692G and their continued collection efforts are
10 collectively referred to as the "1692G Violations").

11 14. On or prior to October 18, 2016 Cox was served with the Complaint. Cox promptly
12 went to ACCOUNT CORP's office in an attempt to reach a settlement agreement. However, at that
13 time, ACCOUNT CORP committed another Collection Fee Violation. At that time, ACCOUNT
14 CORP advised Cox that additional amounts had been added to the Debt and that the total amount due
15 on the Debt at that time was $1791.73. Upon information and belief, these additional amounts were
16 unlawfully added to the Debt by ACCOUNT CORP.

17 15. Additionally, when Cox met with a representative of ACCOUNT CORP, the
18 representative used obscene, profane, abusive and threatening language in an attempt to coerce the
19 Cox to pay the debt. The ACCOUNT CORP representative's actions are in violation of the FDCPA
20 (the "Abusive Threat Violations").

21 16. Further, the ACCOUNT CORP representative wrongfully misrepresented to Cox that
22 her answer to the Complaint was due on November 3, 2016; and that if Cox did not answer the
23 Complaint, ACCOUNT CORP would obtain a default judgment against her in excess of $1791.73.
24 This misrepresentation was made in an effort to coerce Cox into paying the Debt (the
25 "Misrepresentation Violations").

26 17. On November 2, 2016, the Law Office of Vernon Nelson emailed LANGSDALE and
27 informed LANGSDALE that Mr. Nelson would be representing Ms. Cox. Mr. Nelson calculated that
28 the Answer to the Complaint would be due around November 7, 2016. Mr. Nelson requested that

1 LANGSDALE grant Mr. Nelson a two-week extension to file an Answer. In addition, Mr. Nelson requested copies of the invoices, the basis for the contractual collection fee, and other similar documents that formed the basis of ACCOUNT CORPs complaint. Mr. Nelson also requested a copy of the validation of debt notice that was sent to Ms. Cox.

18. On November 7, 2016, LANGSDALE emailed Mr. Nelson and advised him that LANGSDALE substituted in as counsel on Mrs. Cox's matter and all of ACCOUNT CORPs matters back in September 2016. LANGSDALE stated that ACCOUNT CORP made an economic/business decision to dismiss many of the cases that were previously filed with former counsel, which are contested. LANGSDALE stated that LANGSDALE was pleased to let Mr. Nelson know that ACCOUNT CORP had authorized LANGSDALE to dismiss the matter against Cox and that a notice of dismissal had been filed.

19. The FDCPA prohibits abusive debt collection practices by debt collectors. In this regard, the FDCPA sets certain standards for debt collectors and their communications with debtors. These standards include: (1) the requirement that debt collectors advise debtors of their rights to dispute the debt and demand verification; (2) a ban on the use of false and misleading statements in attempting to collect the debt; and (3) a prohibition against collecting debts via "unfair or unconscionable means," such as charging debtors for unauthorized fees beyond the amount in arrears.

20. The Defendants committed several violations of the FDCPA. The Defendants used "unfair and unconscionable means" to collect the debt by committing the Collection Fee Violations, the 1692G Violations, the Abusive Threat Violations, and the Misrepresentation Violations.

21. The Defendants violations of the FDCPA have caused the Plaintiff to suffer substantial damages. In this regard, the Plaintiff has suffered: (1) substantial economic damages; (2) severe emotional damages, and (3) damages to her credit history and reputation.

22. In addition, the Plaintiff has incurred substantial attorney's fees.

23. The actions of the Defendants were committed by other persons or entities employed by the Defendants (collectively the "Defendant Parties"). The actions of the Defendant Parties were incidental to, or of the same general nature as, the responsibilities that these agents were authorized to perform by the Defendants.

24. The actions of the Defendant Parties were committed in their capacity as agents of their principal. The actions of the Defendant Parties were committed within the scope and authority granted by of their principal and were motivated to benefit their principal

25. The Defendants are therefore liable to Plaintiff through the doctrine of Respondeat Superior for the unlawful actions of their employees, including but not limited to violations of the FDCPA and the laws of the State of Nevada.

## FIRST CLAIM FOR RELIEF

### [Violations of the FDCPA, 15 U.S.C. § 1692, et. seq. against all Defendants]

26. Plaintiff repeats the allegations in paragraphs 1-25 as if fully set forth herein

27. The Defendants are "debt collectors" under the FDCPA.

28. The Creditor is a "Medical Facility" as defined in NRS 449.0151

29. Within the past year, the Defendants, who are debt collectors under the FDCPA, committed several violations of the FDCPA.

30. The Defendants committed several violations of the FDCPA. The Defendants used "unfair and unconscionable means" to collect the debt by committing the Collection Fee Violations, the 1692G Violations, the Abusive Threat Violations, and the Misrepresentation Violations in an effort to collect the Debt from Plaintiff.

31. In committing Collection Fee Violations, the 1692G Violations, the Abusive Threat Violations, the Misrepresentation Violations, and other actions as described above, the Defendants committed numerous violations of the FDCPA; including but not limited to:

   A. by "mischaracterizing the character, amount, and legal status of the Debt."

   B. by employing various false representations and deceptive means to collect the alleged Debt.

   C. by attempting to collect the Debt under false pretenses

32. The Collection Fee Violations, the 1692G Violations, the Abusive Threat Violations, and the Misrepresentation Violations and the other numerous violations of the FDCPA constitute numerous, repeated, knowing, intentional, reckless and/or negligent violations of the FDCPA. As a result of such violations, the plaintiff is entitled to statutory damages, plus actual damages to be

proven at the time of trial in this matter.

33. As a result of Defendants' unlawful conduct, plaintiff has suffered economic and emotional distress damages.

34. Plaintiff has been forced to retain counsel to pursue this matter and is entitled to recover reasonable attorney's fees plus costs incurred under 15 U.S.C. § 1692k.

## SECOND CLAIM FOR RELIEF

### [Abuse of Process]

35. Plaintiff repeats the allegations in paragraphs 1-34 as if fully set forth herein.

36. Defendants commenced and/or prosecuted legal proceedings against Plaintiff for the ulterior purpose of collecting unlawful fees in violation of the FDCPA.

37. By committing Collection Fee Violations, the 1692G Violations, the Abusive Threat Violations, and the Misrepresentation Violations, the Defendants conducted a willful act in the use of the legal process that was not proper in the regular conduct of the proceeding.

38. Plaintiff has suffered damages as a consequence of Defendants' abuse of the legal process in an amount to be determined by a jury at trial.

## THIRD CLAIM FOR RELIEF

### Violation of NRS Chapter 598 Deceptive Trade Practices

39. Plaintiff repeats and re-alleges Paragraphs 1 through 38.

40. Plaintiff is a "consumer" pursuant to the NRS Chapter 598 Deceptive Trade Practices.

41. Defendants engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive debt collection and litigation activities in violation of NRS Chapter 598.

42. Plaintiff has suffered and continues to suffer damages as a result of the Defendants' unfair and deceptive acts and conduct.

43. Plaintiffs are entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by NRS Chapter 598.

1  WHEREFORE Plaintiff prays for judgment against Defendants for all damages to which they
2  are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury of all of the issues in this action.

DATED this 15th day of December, 2016

                      THE LAW OFFICE OF VERNON NELSON

                      By: _____
                            VERNON NELSON, ESQ.
                            Nevada Bar No.: 6434
                            9480 S. Eastern Avenue, Suite 244
                            Las Vegas, NV 89123
                            Tel: 702-476-2500
                            Fax: 702-476-2788
                            E-Mail: vnelson@nelsonlawfirmlv.com
                            *Attorney for Linda Cox*