# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA COX, | Case No. 2:16-cv-02914-APG-VCF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT LANGSDALE'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| RICHLAND HOLDINGS, INC. d/b/a ACCOUNT CORP OF SOUTHERN NEVADA; PARKER AND EDWARDS, INC.; and LANGSDALE LAW FIRM, P.C. | (ECF Nos. 24, 72) |
| Defendants. | |

Plaintiff Linda Cox sues defendants Richland Holdings, Inc. d/b/a Account Corp of Southern Nevada (Account Corp), Parker and Edwards, Inc. (P&E), and Langsdale Law Firm, P.C. for alleged actions arising from the attempted collection of a debt. Cox claims that all defendants are liable for violations of the Fair Debt Collection Practices Act (FDCPA), the Nevada Deceptive Trade Practices Act (NDTPA), and for abuse of process under Nevada law.

Langsdale moves to dismiss the claims against it. Because Cox does not allege any facts that give rise to violations of the FDCPA or any state law, I grant Langsdale's motion to dismiss with leave to amend.[1]

## I. BACKGROUND

In June 2016, Account Corp retained P&E to file a state court collection action against Cox for a debt owed from a contract with Advanced Laparoscopic and General Surgery. ECF No. 1 at 2. Account Corp alleged that Cox became delinquent in December 2015, with an account balance of $816.82. *Id*. Account Corp further alleged that a "contractual collection fee" of $408.41 was added for a total of $1,225.23. *Id*.

---

[1] Langsdale also filed a motion for summary judgment. ECF No. 72. Because I am granting Langsdale's motion for judgment on the pleadings, I will deny the motion for summary judgment without prejudice as moot.

On August 23, 2016, Langsdale filed a substitution of attorney and replaced P&E as Account Corp's counsel. *Id.* at 3. A few months later, Cox's attorney, Vernon Nelson, emailed Langsdale to inform the firm that Nelson was representing Cox, and requested a two-week extension to file an answer to Account Corp's complaint. *Id.* Nelson also requested a copy of any validation letter Langsdale may have sent to Cox, and various other documents. *Id.* at 4. On November 7, 2016, Langsdale emailed Nelson to inform him that Account Corp "made an economic/business decision to dismiss many of the cases that were previously filed with former counsel" and that a notice of dismissal had been filed in Cox's case.[2] *Id.* at 4.

Cox filed this action in December 2016. As relevant here,[3] Cox alleges that the contractual collection fee was unlawfully added to her debt; Account Corp, P&E, and Langsdale "failed to provide Cox with a validation of debt letter in compliance with section 1692G (sic) of the FDCPA;" and Langsdale did not serve Cox with a copy of the substitution of attorney notice "in violation of the FDCPA." *Id.* at 3. She alleges that all defendants abused process by commencing legal proceedings against her for "the ulterior purpose of collecting unlawful fees in violation of the FDCPA." *Id.* at 6. Cox further alleges that all defendants violated the NDTPA by "engag[ing] in unfair or deceptive acts in the conduct of [their] commerce or trade through [their] unfair and deceptive debt collection and litigation activities . . . ." *Id.* Langsdale moves for judgment on the pleadings, arguing that Cox failed to plead sufficient facts demonstrating that

---

[2] Cox asks that I take judicial notice of three exhibits she attached to her opposition. They consist of: (1) a copy of the collection action's docket; (2) copies of various orders and filings in the collection action; and (3) the email communications between Nelson and Langsdale that were referenced in the complaint. *See* ECF No. 25, Exs. 1–3. Langsdale opposes Cox's request, arguing that she may not oppose a motion for judgment by relying on facts not pled in her complaint. ECF No. 29 at 2. To determine a motion for judgment on the pleadings, I generally may look only to the contents of the pleadings. I will not consider the email communications because they are not central to Cox's claims. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Even if I could take judicial notice of the state docket and court filings, *Reyn's Pasta Bella, LLC, v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006), consideration of those documents does not alter my analysis, so I decline to do so.

[3] Cox's other allegations made against Account Corp are irrelevant to the resolution of Langsdale's motion for judgment on the pleadings and thus are not repeated here.

Langsdale's actions violated the FDCPA or the NDTPA, or constituted abuse of process. ECF No. 24.

## II. DISCUSSION

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (quotation omitted). A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion. *See Harris v. Orange Cty.*, 682 F.3d 1126, 1131 (9th Cir. 2012). Consequently, I must determine whether the complaint contains "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint or individual claim should be dismissed without leave to amend only when "it is clear . . . that the complaint could not be saved by amendment." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

### A. FDCPA

To state a claim against Langsdale under the FDCPA, Cox must plead plausible facts alleging that (1) Cox is a "consumer" under 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into for personal purposes; (3) Langsdale is a "debt collector" under 15 U.S.C. § 1692a(6); and (4) Langsdale engaged in an act or omission prohibited by the FDCPA. *Wheeler v. Premiere Credit of N. Am.* 80 F. Supp. 3d 1108, 1112 (S.D. Cal. 2015) (citing *Turner v. Cook*, 362 F.3d 1219, 1226–27 (9th Cir. 2004)). Langsdale argues that Cox has not sufficiently alleged that it engaged in any acts or omissions that violated the FDCPA.

Cox alleges that all of the defendants violated "15 U.S.C. § 1692, et. seq." by (a) "mischaracterizing the character, amount, and legal status of the Debt;" (b) "employing various false representations and deceptive means to collect the alleged Debt;" and (c) "attempting to collect the Debt under false pretenses." ECF No. 1 at 5. Langsdale contends that these allegations

"are nothing more than legal conclusions . . . which fail to provide Langsdale with fair notice regarding what FDCPA sections were violated." ECF No. 24 at 7.[4]

In the factual allegations portion of Cox's complaint, Cox alleges that Langsdale filed a substitution of attorney notice in August 2016 but failed to serve a copy on Cox, and that in November 2016 Langsdale emailed Cox's attorney to inform her that Account Corp had decided to dismiss the action. ECF No. 1 at 3–4. Cox also alleges upon information and belief that Langsdale failed to provide him with a validation letter that complied with 15 U.S.C. § 1692g, and "continued with its efforts to collect the Debt despite the fact that it failed to comply with section 1692[g] of the FDCPA." *Id.* at 3. As explained below, none of these allegations provides a sufficient factual basis to sustain a FDCPA claim.[5]

### 1. Substitution of Attorney Notice

Cox fails to identify any provision of the FDCPA that was violated by Langsdale's alleged failure to serve a substitution of attorney notice. Even if she could, the failure is not actionable. In *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508 (S.D.N.Y 2013), the Southern District of New York dealt with a similar allegation. There, the plaintiff alleged that the debt collector's failure to file, and thus serve, a substitution of attorney form violated the FDCPA. *Id.* at 517–18. Like this case, the plaintiff failed to explain how this omission fit within any of the FDCPA provisions. *Id.* at 518. The court also noted that, even if the debt collector misrepresented its counsel of record, it had no impact on the alleged harm. *Id.* The court dismissed the claim because there was "nothing in the complaint to plausibly suggest that the

---

[4] Langsdale also argues that it is not vicariously liable for the alleged actions of Account Corp or P&E. ECF No. 24 at 14–15. The complaint does not allege, nor does Cox argue in opposition, that she is basing any claims on a vicarious liability theory, so I do not consider this argument.

[5] Cox claims in her opposition that she alleged Langsdale violated the FDCPA by "attempting to collect a judgment that included sums that were unlawful and improperly calculated and inflated." ECF No. 25 at 9. That allegation is not in the complaint, so I will not consider it.

failure [to file and serve a substitution of counsel notice] had any material effect on [the plaintiff's] ability to challenge the debt or the process used to collect it." *Id*. at 518–19.

I find *Okyere*'s reasoning persuasive. Here, Cox has not alleged that Langsdale's alleged omission caused any harm. She does not include any facts to reasonably infer that this omission impacted her ability to respond to the collection action or dispute her debt. Indeed, Cox's counsel was able to contact Langsdale regarding the collection action. So this allegation, without more, does not state a FDCPA claim.

### 2. Validation of Debt Letter

Cox also alleges that Langsdale "failed to provide [her] with a validation of debt letter in compliance with Section 1692[g] of the FDCPA," and "continued with its efforts to collect the Debt despite the fact that it failed to comply" with § 1692g. ECF No. 1 at 3. Section 1692g requires a debt collector to validate the debt to be collected by providing certain information related to the debt either in the initial communication with the consumer or by providing a written notice within five days after the initial communication. *See* 15 U.S.C. 1692g(a). But Cox does not sufficiently allege that Langsdale communicated with her in a manner that triggers Langsdale's obligation to send a written validation letter. Instead, Cox alleges only that Langsdale substituted in as Account Corp's counsel of record, served the complaint, and thereafter communicated with Cox's counsel. The FDCPA specifically excludes "communication[s] in the form of a formal pleading in a civil action" from qualifying as an initial communication under § 1692g. 15 U.S.C. § 1692g(d). So serving the complaint on Cox and filing a substitution of attorney notice do not constitute an initial communication. And communications with a consumer's attorney are not actionable under the FDCPA, so Langsdale's email to Nelson also does not trigger § 1692g. *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007).[6] Without some allegation that Langsdale communicated with Cox, she cannot maintain a § 1692g claim against it.

---

[6] Even if Langsdale's communications with Nelson were "initial communications" that could trigger § 1692g, Cox alleges that Langsdale abandoned its collection activities when it first communicated with Nelson by dismissing the action, and therefore was not required to provide a

### 3. Dismissal of the Collection Action

Cox does not sufficiently allege that Account Corp's decision to have Langsdale dismiss the collection action violates the FDPCA. Again, Cox does not specify which provision of the FDCPA Langsdale's action violates. Langsdale argues that "the only section of the FDCPA that this allegation might relate to is Section § 1692e." ECF No. 24 at 13. That section states, "a debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes "the threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e. Cox's bare allegation that Langsdale dismissed the action soon after Nelson communicated with Langsdale is not sufficient to state a claim under this provision. Cox alleges no facts indicating that Langsdale had no right to institute or did not intend to litigate the action. Cox does not provide an alternative provision that Langsdale's actions may violate. So Cox does not state a FDCPA claim based on Langsdale's dismissal of the collection action.

None of the factual allegations Cox asserts sufficiently states a FDCPA claim against Langsdale. I therefore dismiss this claim with leave to amend if Cox can allege facts to cure the deficiencies discussed above.[7]

---

validation of debt letter under § 1692g(b). *Guerrero*, 499 F.3d at 940 ("It would make little sense to impose an independent obligation to verify the alleged debt on a collector who, for example, decides a disputed debt is not worth the effort and chooses to close or sell.").

[7] Cox also argues in her response that Langsdale's actions constitute a "continuing violation" of the FDCPA by prosecuting a case to collect allegedly unlawful collection fees assessed by Account Corp. ECF No. 25 at 9. The continuing violations doctrine is used to either toll the statute of limitations or introduce evidence of conduct that occurred after the statute of limitations to establish a pattern of actionable conduct. *See Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1332 (9th Cir. 1996) ("Under the [continuing violations] theory, the statute of limitations does not begin to run until the last [violation] occurs."); *Joseph v. J.J. Mac Intyre Cos.*, 281 F. Supp. 2d 1156, 1159–62 (N.D. Cal. 2003) (applying the continuing violations doctrine to the FDCPA's statute of limitations period). It cannot be used to hold someone liable for someone else's actions. *Id*. Because Langsdale does not argue that Cox's FDCPA claims are time-barred, the continuing violations analysis is inapposite.

### B. Deceptive Trade Practices

The NDTPA is codified at Nevada Revised Statutes Chapter 598. If a party is found to have engaged in a "deceptive trade practice" under the NDTPA, it may be subject to civil liability under Nevada Revised Statutes § 41.600, which allows victims of consumer fraud to sue for damages, equitable relief, and attorney's fees. Cox alleges that all of the defendants "engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive debt collection and litigation activities in violation of NRS Chapter 598." ECF No. 1 at 6.

Chapter 598 contains ten sections; each defines a separate set of deceptive trade practices. *See generally*, Nev. Rev. Stat. §§ 598.015, 598.016, 598.017, 598.018, 598.092, 598.0921, 598.0922, 598.0923, 598.0924, and 598.0925. Each of those sections further enumerates categories of conduct, some identifying as many as 16 sub-categories of prohibited acts. *Id.* Merely alleging a general violation of Chapter 598 is insufficient to give Langsdale notice of the prohibited conduct it engaged in or the provisions it must defend against.

In her opposition, Cox contends that the specific NDTPA provisions Langsdale violated "include, but are not limited to" § 598.0923(3), § 598.0923(2), and § 598.0915(15). Cox's complaint does not allege any facts to support a claim under any of these sections. However, I will consider them to determine whether amendment to include claims based on these provisions would be futile.

Section 598.0923(3) states that a person engages in a "deceptive trade practice" when he or she "violates a state or federal statute or regulation relating to the sale or lease of goods or services." Langsdale argues that the FDCPA is not a statute "relating to the sale or lease of goods or services," and therefore any alleged violation of the FDCPA cannot form the basis of a claim under § 598.0923(3). Cox contends that her claims are "related to the purchase of services"—i.e., the debt arose from the purchase of medical services—so the violation of the FDCPA would also violate § 598.0923(3).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). It regulates debt collection practices, not the sale or lease of goods and services. The fact that Cox's debt may have stemmed from the purchase of services does not transform the FDCPA into a "statute . . . relating to the sale or lease of goods or services." Cox cannot state a claim under § 598.0923(3) based on Langsdale's alleged FDCPA violations.

Nor can Cox state a claim against Langsdale under § 598.0923(2). A person violates § 598.0923(2) when he or she "fails to disclose a material fact in connection with the sale or lease of goods or services." But Langsdale's alleged debt collection efforts were not in connection with the sale or lease of goods or services. Langsdale was pursuing litigation to collect on Cox's pre-existing debt. Thus, Cox's allegations, even when taken as true, cannot establish that Langsdale engaged in a deceptive trade practice under § 598.0923(2).

Cox does not provide any factual allegations to support a claim under § 598.0915(15), which is violated when a person "knowingly makes any other false representation in a transaction," or any other provision of the NDTPA. I grant Langsdale's motion to dismiss Cox's NDTPA claim with leave to amend if she can allege facts indicating that Langsdale violated the NDTPA.

### C. Abuse of process

To successfully allege a tort claim for abuse of process under Nevada law, a plaintiff must establish two elements: (1) the defendant had an ulterior purpose in the underlying lawsuit other than resolving a legal dispute, and (2) the defendant willfully and improperly used the legal process to accomplish that purpose. *LaMantia v. Redisi*, 38 P.3d 877, 880 (Nev. 2002). The plaintiff "must provide facts, rather than conjecture, showing that the party intended to use the legal process to further an ulterior purpose." *Land Baron Inv. v. Bonnie Springs Family LP*, 356 P.3d 511, 519 (Nev. 2015). An action for abuse of process hinges on misuse of regularly issued

process, in contrast to malicious prosecution which rests upon wrongful issue of process. *Dutt v. Kremp*, 844 P.2d 786, 790 (Nev. 1992), *overruled on other grounds by LaMantia*, 38 F.3d 877 (Nev. 2002). The mere filing of a complaint with malicious intent is insufficient to state an abuse of process claim. *Laxalt v. McClatchy*, 622 F. Supp. 737, 752 (D. Nev. 1985). Rather, there must also be some act after filing that abuses the process. *Id.*

The Supreme Court of Nevada has found improper willful acts where a defendant commits a flagrant or extraordinary act that perverts the legal process. For example, in *Nevada Credit Rating Bureau v. Williams*, the court affirmed a finding of abuse of process where a plaintiff attached an entire property worth over $30,000 to secure a debt of less than $5,000, with the ulterior purpose to coerce payment rather than to obtain security for the debt. 503 P.2d 9, 12-13 (Nev. 1972). Similarly, the court found abuse of process when a city attorney charged a police officer with a criminal violation to obtain the officer's voluntary resignation. *Posadas v. City of Reno*, 851 P.2d 430, 445 (Nev. 1993). Coercing a nuisance settlement where there was no legal basis for a claim is also an abuse of process. *Bull v. McCuskey*, 615 P.2d 957, 960 (Nev. 1980).

Cox's allegations do not state a claim for abuse of process against Langsdale because Cox does not allege that Langsdale did anything beyond filing a complaint to collect a debt. Cox alleges that Langsdale "caused the offending complaint to be served" and continued prosecuting the case in violation of 15 U.S.C. § 1692g. There is no indication that Langsdale acted with an improper purpose or did anything after filing the complaint that would constitute an improper use of the legal proceeding. Nor does any allegation that Langsdale continued to prosecute the case to collect unlawful fees that Account Corp assessed amount to an abuse of process claim. Cox does not claim that Langsdale pursued the allegedly unlawful fees with the intent to coerce Cox into paying the rest of her debt, or for any other nefarious purpose. I grant Cox leave to amend her abuse of process claim against Langsdale if she can allege additional facts demonstrating that Langsdale undertook improper, willful acts with an ulterior purpose in the collection action.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Langsdale Law Firm, P.C.'s motion for judgment on the pleadings **(ECF No. 24) is GRANTED** and its motion for summary judgment **(ECF No. 72) is DENIED without prejudice as moot**. Plaintiff Linda Cox's complaint is dismissed as to defendant Langsdale Law Firm, P.C. I grant Cox leave to amend her claims against Langsdale if she can plead sufficient facts to support her claims. If she wishes to pursue claims against Langsdale, Cox must file and serve an amended complaint consistent with this order **on or before February 9, 2018.**

DATED this 16th day of January, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE