# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

LINDA COX,

          Plaintiff,

vs.

RICHLAND HOLDINGS, INC., *et al.*,

          Defendants.

2:16-cv-02914-APG-VCF

**ORDER REGARDING AWARD OF ATTORNEY FEES**

      Before the Court is *Linda Cox v. Richland Holdings, Inc., et al.*, case no. 2:16-cv-02914-APG-VCF. On January 2, 2018, the Court entered an Order setting a hearing on Plaintiff's motion to disqualify Defendants' attorneys. (ECF No. 70). The hearing was set for February 15, 2018 at 10:00 a.m. (*Id.* at 3). Copies of the Order were electronically distributed to several members of The Law Office Of Vernon Nelson (Plaintiff's counsel in this case), including John P. Skalak, Margaret G. Foley, Vernon Nelson, and Melissa Ingleby. Plaintiff's counsel failed appeared at the February 15, 2018 hearing. (ECF No. 88). The Court contacted The Law Office Of Vernon Nelson at 10:00 a.m. on February 15, 2018. Ms. Ingleby stated she had not received notice of the hearing. A show cause hearing was scheduled and the Law Office of Vernon Nelson was ordered to appear at the February 27, 2018 hearing. (ECF No. 90). On February 27, 2018, the Court held a show cause hearing. (ECF No. 98). Appearing for Plaintiff was Margaret Foley. Chad Clement, Jared Moser, and Timothy Lepore appeared on behalf of Defendants. (ECF No. 98). The court heard presentations from the parties. Due to The Law Office of Vernon Nelson's failure to appear at the February 15, 2018 hearing, the Court imposes sanctions against The Law Office of Vernon Nelson. Defense counsel was ordered to file affidavits and exhibits supporting their request for attorneys' fees and costs. *Id.*

On March 6, 2018, Defendant The Langsdale Law Firm, P.C. filed a Declaration of Timothy J. Lepore in Support of Sanctions Against Linda Cox's Counsel in Response to Court's Order to Show Cause (ECF No. 99). Richland Holdings, Inc. d/b/c AcctCorp of Southern Nevada and Parker & Edwards, Inc. filed its Declaration of Defense Counsel's Request for Reimbursement of Attorney Fees and Costs as a Sanction Against Plaintiff's Counsel (ECF No. 100).

On March 8, 2018, Nelson requested opportunity to respond. (ECF No. 101). The request was granted. (ECF No. 104). The response date was March 13, 2018. The response was not timely filed. (ECF No. 107).[1]

**Discussion**

"An award of attorney's fees for civil contempt is within the discretion of the district court." *Harcourt Brace Jovanovich Legal & Prof'l Publications, Inc. v. Multistate Legal Studies, Inc.*, 26 F.3d 948, 953 (9th Cir. 1994). "Sanctions for civil contempt may be imposed to…compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). The courts have "emphasize[d] that attorneys' fees are an appropriate component of a civil contempt award." *In re Dyer*, 322 F.3d 1178, 1195 (9th Cir. 2003).

Mr. Nelson offers no reasonable excuses for his failure to calendar a hearing set by the court. Mr. Nelson's failure to attend the hearing is not excusable.

Defendant Richland Holdings

Only reasonable attorneys' fees and costs associated with attending and preparing for the February 15, 2018 hearing are awarded. All other attorneys' fees and costs, which are listed in the Declaration (ECF No. 100) will not be considered. Marquis Aurbach Coffing ("MAC") spent approximately 5.6 hours and incurred approximately $1,391.00 and $1,802.00, respectively, in attorney fees in preparing for and attending the February 15, 2018 hearing. Reviewing those exhibits and the invoices submitted in support

---

[1] The court has considered ECF No. 107 before deciding to impose sanctions.

of the Declaration, the court finds that the fees requested for preparing and attending the February 15, 2018 hearing are fairly reasonable; thus, the Court awards Richland Holdings $3,000 in attorneys' fees.

<u>Defendant The Langsdale Law Firm</u>

In reviewing The Langsdale Law Firm's Declaration for Reimbursement of Attorneys' Fees and Costs (ECF No. 99), attorneys' fee and costs associated with litigating the motion to disqualify will not be awarded. The fees incurred for the preparation and attendance of the February 15, 2018 hearing are reasonable, thus, the Court awards The Langsdale Law Firm $1,500 in attorneys' fees.

Accordingly,

IT IS HEREBY ORDERED that The Law Firm of Vernon Nelson must pay Three Thousand Dollars ($3,000) to Richland Holdings on or before March 29, 2018.

IT IS FURTHER ORDERED that The Law Firm of Vernon Nelson must pay One Thousand Five Hundred Dollars ($1,500) to The Langsdale Law Firm on or before March 29, 2018.

DATED this 15th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE