UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LINDA COX,<br><br>        Plaintiff,<br><br>v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCOUNT CORP OF SOUTHERN NEVADA; PARKER AND EDWARDS, INC.; and LANGSDALE LAW FIRM, P.C.<br><br>        Defendants. | Case No. 2:16-cv-02914-APG-VCF<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO STRIKE, DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT, AND DENYING MOTION FOR LEAVE TO FILE LATE RESPONSE AS MOOT**<br><br>(ECF Nos. 71, 79, 95, 97) |

        Plaintiff Linda Cox sues defendants Richland Holdings, Inc. d/b/a Account Corp of Southern Nevada (AcctCorp), Parker and Edwards, Inc. (P&E), and Langsdale Law Firm, P.C. for alleged actions arising from the attempted collection of a debt. Cox originally alleged that all defendants are liable for violations of the Fair Debt Collection Practices Act (FDCPA), the Nevada Deceptive Trade Practices Act (NDTPA), and for abuse of process under Nevada law.

        I previously granted Langsdale's motion to dismiss the claims against it and gave Cox leave to amend her complaint if she could add facts sufficient to state those claims. Cox filed an amended complaint that did not reassert any of her previous claims against AcctCorp or P&E and added factual allegations and claims against Langsdale and AcctCorp that were not included in her original complaint. All defendants move to strike Cox's amended complaint. AcctCorp and P&E's motion for summary judgment based on Cox's original complaint and Cox's motion to file a late response to that motion are still pending.

        I grant the motions to strike the first amended complaint and allow Cox one more opportunity to file an amended complaint consistent with this and my previous order. I also deny AcctCorp and P&E's motion for summary judgment and Cox's motion for leave to file a later response as moot.

## I. BACKGROUND

Cox's original complaint alleged that Langsdale violated the FDCPA by failing to serve her with a substitution of attorney notice when AcctCorp retained it to continue pursuing litigation against her, failing to provide a validation of debt letter, and dismissing the state collection action against her. She also alleged that Langsdale engaged in deceptive trade practices in violation of the NDTPA and committed abuse of process by using the state action to pursue collection of unlawful fees and interest. Cox alleged that AcctCorp and P&E failed to provide Cox with validation of debt letters and similarly engaged in deceptive trade practices and abuse of process. Lastly, Cox alleged that AcctCorp added unlawful fees to her debt, misrepresented the amount of the debt and the due date of her response to the state action, and used obscene, profane, and abusive language in an attempt to coerce Cox to pay the debt.[1]

I granted Langsdale's motion for judgment on the pleadings because Cox failed to sufficiently state any claims against it. Specifically, I found Cox did not adequately allege that (1) Langsdale's failure to serve the substitution of attorney notice caused her any harm; (2) any initial communications occurred between her and Langsdale that would trigger the FDCPA's validation of debt letter requirement; and (3) Langsdale had no legal right to institute or did not intend to litigate the state collection action. I also found that Cox did not allege any facts to support an NDTPA violation against Langsdale, or to demonstrate that Langsdale acted with an improper purpose when pursuing the state action to support her abuse of process claim. I granted Cox leave to amend if she could allege facts to cure the deficiencies I identified.[2]

Cox timely filed an amended complaint. However, that complaint drops AcctCorp and P&E from the caption and does not re-allege most of the claims originally brought against them. Instead, Cox's amended complaint adds a variety of new claims against Langsdale and AcctCorp that were not envisioned in my order granting Cox limited leave to amend. Cox now accuses

---

[1] ECF No. 1.
[2] ECF No. 74.

AcctCorp of unlawfully using Langsdale's credentials to file state court documents, forging court documents, and engaging in the unauthorized practice of law.

Cox also adds facts supporting new FDCPA claims against Langsdale for misrepresentation, obscene language to coerce collection of the debt, failure to independently review the validity of the debts before engaging in collection efforts, threatening to collect the full amount of unlawfully inflated debt, and facilitating AcctCorp's unlawful use of credentials, forgery, and unauthorized practice of law. Cox does not reassert the claims against Langsdale accusing it of failing to serve the substitution of attorney notice and does not include facts relating to Langsdale's dismissal of the state action. P&E is barely mentioned, and all claims alleging a violation of NDPTA against any of the defendants have been removed.[3] The defendants move to strike Cox's amended complaint because it far exceeds the scope of my order granting limited leave to amend the claims against Langsdale.[4]

## II. **DISCUSSION**

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend her pleading only once as a matter of course within 21 days after serving it or after a responsive pleading or Rule 12(b), (e), or (f) motion is served. If that time-period lapses, a party may amend its pleading only with the opposing party's written consent or with the court's leave.[5] My dismissal order granted Cox leave to amend to address only specified deficiencies. It did not give Cox the opportunity to add a plethora of new facts and claims never mentioned before.[6] The deadline to amend

---

[3] *See generally* ECF No. 82.

[4] ECF Nos. 95, 97.

[5] Fed. R. Civ. P. 15(a)(2).

[6] Cox did raise a number of these new facts and claims in her late response to AcctCorp and P&E's motion for summary judgment on her original complaint, which was filed about one week before the amended complaint. *See* ECF No. 78. But that was improper too. *See Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (stating that parties generally cannot assert facts and legal theories raised for the first time at the summary judgment stage).

pleadings in this case expired on April 10, 2017, and discovery closed on July 11, 2017.[7] Cox is thus seeking to amend the scheduling order.

Where a party seeks to amend a pleading after expiration of the scheduling order's deadline for amending, the moving party first must satisfy the stringent "good cause" standard under Federal Rule of Civil Procedure 16(b)(4).[8] The analysis focuses on the moving party's diligence.[9] I may modify the scheduling order if its deadlines "'cannot reasonably be met despite the diligence of the party seeking the extension.'"[10] The good cause standard typically will not be met where the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action.[11]

Although Rule 16 does not mention a showing of prejudice, I may consider whether prejudice would result to the party opposing amendment.[12] Prejudice has been found where the plaintiff moved to amend late in the proceedings, thereby requiring the defendant to go "through the time and expense of continued litigation on a new theory, with the possibility of additional

---

[7] *See* ECF No. 22 (scheduling order).

[8] *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

[9] *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson*, 975 F.2d at 609.

[10] *Johnson*, 975 F.2d at 609 (quoting Fed. R. Civ. P. 16 advisory committee's note (1983 amendment)).

[11] *See United States v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007); *Royal Ins. Co. of Am. v. S.W. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) ("Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (quotation omitted); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming the district court's denial of leave to amend where the plaintiff sought to add a claim based on facts that were available to the plaintiff before he amended his complaint).

[12] *Coleman*, 232 F.3d at 1295.

discovery."[13] Whether to modify the scheduling order's amendment deadline lies within my discretion.[14]

If the moving party is able to satisfy the good cause standard under Rule 16, then I examine whether the amendment is proper under Rule 15(a).[15] Under Rule 15(a)(2), I "should freely give leave when justice so requires."[16] I consider five factors to assess whether to grant leave to amend under Rule 15(a): (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint.[17] Whether to grant leave to amend under Rule 15 lies within my discretion.[18]

Cox has not been diligent in seeking to amend her complaint to add new claims when she discovered them. Instead, she chose to wait almost one full year after discovery closed to add multiple new claims that she was not given leave to add. Allowing Cox to proceed with these new claims would also prejudice the defendants, as it would likely necessitate re-opening discovery. I will not grant leave to amend the scheduling order.

But simply striking the amended complaint and reverting to the original one, as AcctCorp and P&E request, will not solve the problems caused by Cox's improper amendment. Because Cox drops AcctCorp and P&E from her amended complaint's caption and fails to re-assert most, if not all, of the original claims against them, it is unclear if Cox still seeks to include them in the lawsuit under the same facts and theories alleged in the original complaint. So, to ensure a clear

---

[13] *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (quotation omitted); *see also Coleman*, 232 F.3d at 1295 ("prejudice to [the non-moving party], although not required under Rule 16(b), supplies an additional reason for denying the motion" to amend); *MV Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (denial of motion to amend upheld where new allegations would "totally alter the basis of the action" and necessitate additional discovery).

[14] *Dang*, 488 F.3d at 1142-43.

[15] *Johnson*, 975 F.2d at 608.

[16] *See also Foman v. Davis*, 371 U.S. 178. 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

[17] *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F. 3d 1109, 1117 (9th Cir. 2013).

[18] *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

record and to make sure that all parties know the operative claims in this case, I will allow Cox to file one more amended complaint.

As to AcctCorp and P&E, Cox's second amended complaint may include the facts and claims that were alleged in the first complaint, and no others.[19] As to Langsdale, Cox may include the allegations relating to Langsdale's initial communications with Cox, but may not include the extraneous allegations relating to Langsdale's obscene and profane language during those initial communications because she knew those facts when she filed her complaint, or at least by the close of discovery, but did not timely move to amend her complaint to add them. Cox may also include any additional facts related to the FDCPA violations expressly discussed in my previous order.

The other portions of the amended complaint alleging new facts against Langsdale (paragraphs 25–35) and detailing Cox's emotional suffering (paragraphs 37–45), as well as the first, second, and third claims for relief may not be reasserted because they exceed the scope of my order granting leave to amend. Cox may include paragraphs 76–83 to support her abuse of process claim, but paragraphs 84–87 are extraneous and exceed the scope of my order.

Cox's second amended complaint will supersede all previous complaints,[20] and Local Rule 15-1 requires that it be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Moreover, the defendants' motions directed at that original complaint are now moot. No further amendment will be allowed. If the defendants believe that Cox's counsel has again failed to follow my orders, they should

---

[19] If Cox no longer believes she has a factual basis to assert those claims, she should not file them. She just cannot assert new claims that were not previously alleged. Cox includes a number of facts detailing the manner in which an AcctCorp employee used obscene and profane language to coerce her to pay a debt. Cox's original allegations regarding that claim (ECF No. 1 at ¶ 15) were sufficiently pleaded to include that claim against AcctCorp, and the extraneous information provided in the amended complaint is unnecessary. Cox's harassment claim can be, and has been, fully briefed at the summary judgment stage based on the allegations contained in the original complaint.

[20] *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

incorporate any arguments to strike portions of the second amended complaint into their dispositive motions.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Langsdale Law Firm, Richland Holdings d/b/a AcctCorp, and P&E's motions to strike **(ECF Nos. 95 and 97) are GRANTED**. Plaintiff Linda Cox must file a second amended complaint consistent with this order within 20 days of entry of this order. The dispositive motions deadline is now 30 days after the second amended complaint is filed. No extensions of these deadlines will be granted absent a showing of good cause.

IT IS FURTHER ORDERED that Defendants AcctCorp and P&E's motion for summary judgment **(ECF No. 71) is DENIED as moot**.

IT IS FURTHER ORDERED that Plaintiff Linda Cox's motion for leave to file a later response **(ECF No. 79) is DENIED as moot**.

DATED this 30th day of April, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE